UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CARY E. MALONE** | **CIVIL ACTION NO. 3:14-cv-0792** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **OUACHITA CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Cary E. Malone filed the instant petition for writ of *habeas corpus* on April 9, 2014. Petitioner is a pre-trial detainee in the custody of the Ouachita Parish Sheriff. He is apparently awaiting trial in the Fourth Judicial District Court on drug related charges. He claims that he is actually innocent of these charges and he demands his release from custody. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust State court remedies prior to filing his federal habeas corpus petition.

*Background*

On December 7, 2012, petitioner was arrested and charged with conspiracy to distribute cocaine after 48 pebble sized chunks of crack cocaine were found in his truck. Thereafter bond was set in the amount of $40,000. He claims that he is actually innocent but is being held until he agrees to enter a guilty plea. He claims that he writes his attorney and submits *pro se* motions to the Court but never receives any acknowledgment. He admits that he has not sought the

supervisory jurisdiction of the appropriate Court of Appeals because he has "no final adjudication thus cannot take an appeal." He seeks federal *habeas corpus* relief and claims that Louisiana has no corrective process.

## *Law and Analysis*

### *1. Exhaustion Requirement*

Petitioner is a pre-trial detainee challenging pending Louisiana state court criminal prosecutions. His *habeas* petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987)("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982);

*Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement originated as a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Dickerson*, 816 F.2d at 225;  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).  It was written into the statute by the AEDPA.

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Petitioner admits that he has not exhausted State court remedies; however, he suggests that such remedies are unavailable.  This claim is dubious at best.  Louisiana law provides an assortment of remedies for detainees to challenge their detention and prosecution, such as the


Motion to Quash (La. C.Cr.P. arts. 531 et seq.), Motion to Suppress Evidence (La. C.Cr.P. art. 703), Motion for Speedy Trial (La. C.Cr.P. art. 701), and pre-trial habeas corpus (La. C.Cr.P. arts. 351 et seq.). Further, if petitioner cannot obtain relief in the District Court, he may invoke the supervisory jurisdiction of the appropriate Circuit Court of Appeals and thereafter the Louisiana Supreme Court. (See La. Const., Art. V, §§5 and 10)

It is clear that petitioner has not exhausted State court remedies. He is not entitled to proceed herein until and unless he can establish either exhaustion or the absence of any State corrective process. His failure to seek relief in the appropriate manner in the appropriate forum does not establish either. Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1]  A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

---

[1] Should petitioner object to this Report and Recommendation, he should provide evidence to establish his claim that State court remedies are unavailable.

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana, April 30, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE